UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANGEL ARAVICHES FERRER, A-244-098-848,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-04771 TLN AC<br><br>ORDER and<br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Petitioner argues that his prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment, and he seeks immediate release or a bond hearing at which respondents must demonstrate clear and convincing evidence that petitioner is a flight risk or danger to the community. Id. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released from custody.

I. Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States at a scheduled CBP One appointment on July 8, 2023 at the port of entry in Laredo, Texas. ECF No.

8 at 12-13. He was paroled into the United States for two years and has no criminal history. Id. at 12-13, 24. On July 8, 2023, a Notice to Appear was also issued charging him as removable pursuant to section 212(a)(7)(A)(i)(I)[1] of the Immigration and Nationality Act ("INA") as an arriving alien without a valid entry document. Id. at 14-18 (Form I-862).

On April 23, 2026, ICE arrested petitioner during an enforcement operation. Id. at 24-25 (Form I-831). According to the documents provided by respondents, petitioner was not provided written notice of the reason for his detention, respondents did not assess whether he was a danger to the community or flight risk either before or after his detention, and petitioner did not receive a pre- or post-deprivation hearing.

On June 18, 2026, an immigration judge ("IJ") ordered petitioner's removal to Venezuela. Id. at 27-28. According to the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 6, 2026), petitioner's appeal of the IJ's order is currently pending at the Board of Immigration appeals ("BIA").[2] See also ECF No. 8 at 30-32. Petitioner is currently detained at the Golden State Annex Detention Facility in McFarland, California. ECF No. 1 at 21.

II. Procedural History

On June 22, 2026, petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his release from ICE custody. ECF No. 1. Petitioner argues that he has been in prolonged immigration detention for over two months, although no hearing has been conducted to determine whether his continued detention is warranted based on danger or flight risk. Id. at 2, 5. He asserts that his continued confinement is unreasonable under the Mathews v. Eldrige balancing test and violates his procedural due process rights under the Fifth Amendment. Id. at 2, 12-15. Finally, petitioner asserts that when he was first arrested and detained at various detention facilities in Texas, he endured terrible living conditions and was denied reasonable

---

[1] 8 U.S.C. § 1182(a)(7)(A)(i).

[2] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

access to fresh air, unexpired food, and clean water. Id. at 6-9. He seeks release with appropriate conditions of supervision or alternatively, a bond hearing at which the government bears the burden of proof by clear and convincing evidence. Id. at 20-21.

By Minute Order dated June 23, 2026, Chief Judge Nunley referred this matter to the undersigned. ECF No. 5. The undersigned issued a Minute Order on June 25, 2026, directing respondents to file a response substantively addressing whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026), Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), and other similar cases previously decided by this court, or otherwise indicating that the matter is not substantively distinguishable. ECF No. 7. Respondents were further directed to include petitioner's Form I-213 for each immigration encounter, any orders or release or detention, and clarify if respondents dispute any factual representations in the operative petition. Id.

In their opposition, respondents failed to discuss or distinguish any of the specific cases cited in the court's June 25, 2026 Minute Order. ECF No. 8. Although respondents acknowledged that "this Court has previously applied § 1226(a) rather than § 1225(b) in similar circumstances," respondents nevertheless argued that petitioner's current detention is consistent with the requirements of due process. Id. at 3-4.[3] As a noncitizen seeking admission to the United States, respondents contend that petitioner constitutes an "applicant for admission" subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(1)(A). ECF No. 8 at 2-3. Respondents assert that "the distinction between §§ 1225 and 1226 is not the location where a noncitizen is found or the duration of their presence in the United States" and instead

[3] Instead, respondents argue the court should not follow this court's prior orders in "Selis-Tinoco or Labrador-Prato," which were not identified by the court's order. ECF No. 8 at 3 (citing Selis-Tinoco v. Noem, No. 25-01762, 2025 WL 3567862, at *4 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, No. 25-01598, 2025 WL 3458802, at *4 (E.D. Cal. Dec. 2, 2025)).

"turns on whether the noncitizen was admitted to the United States at the time of entry." Id. at 4.[4] Finally, respondents contend that "to the extent that petitioner avers that the revocation of his release violated the substantive component of the Due Process Clause this argument fails" because petitioner is not entitled to an individualized determinations of dangerousness or flight risk pending his removal proceedings until his detention is indefinite or potentially permanent. Id. at 5. Similarly, respondents contend that plaintiff has not shown, through application of the Mathews v. Elridge factors, that procedural due process requires a bond hearing. Id. at 7. Accordingly, respondents ask this court to "reject the claims that his continued detention violates his Due Process rights and the Immigration and Nationality Act" and deny all requested relief. Id. at 6, 8.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

As a threshold matter, the court finds that, subsumed within petitioner's argument that his current detention violates his federal due process rights, is a related claim that his detention violates the INA because petitioner is subject to § 1226 and not § 1225(b).[5] Indeed, respondents appear to concede that petitioner's due process argument relies on which section of the INA is applicable to him, as they argue in their opposition brief that "this Court should reject the claims

[4] Respondents also acknowledged that several cases were pending at the Ninth Circuit Court of Appeals "on the issue presented in this case," including "Rodriguez v. Bostock, Ninth Circuit docket no. 25-6842." Id. at 4 fn. 3.

that his continued detention violates his Due Process rights and the Immigration and Nationality Act." ECF No. 8 at 6.

The court has a duty to liberally construe *pro se* filings. United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) (noting that general statements were sufficient to raise a legal issue). In this regard, the Ninth Circuit has explained:

> It is an entrenched principle that pro se filings "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" We are specifically directed to "construe pro se pleadings liberally." This duty applies equally to pro se motions and with special force to filings from pro se inmates.

Id. ((quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980) and Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995)).

The central question in resolving the parties' dispute regarding whether petitioner is subject to § 1226,[6] as petitioner claims, or § 1225(b)(1)(A),[7] as the respondents claim, is whether petitioner is an applicant "seeking admission." As respondents conceded in their opposition brief, this court has ruled on this issue dozens of times and courts nationwide have overwhelmingly rejected respondents' new legal position, finding respondents' current interpretation of the statute and detention policy unlawful. See ECF No. 8 at 3 (acknowledging that "this Court has previously applied § 1226(a) rather than § 1225(b) in similar circumstances.").

Most importantly, since the parties submitted their briefing in this matter, the Ninth

---

[6] Section 1226 "provides the general process for arresting and detaining aliens who are present in the United States and eligible for removal" and, under subsection (a), the government has broad discretion to detain or release. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). It also provides that "a detainee may request a bond hearing before an immigration judge at any time before a removal order becomes final" and "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Id. at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19).

[7] 8 U.S.C. § 1225 governs the procedures by which the government may mandatorily detain "an applicant for admission," which is a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1). Applicants for admission covered by § 1225(b)(1) or § 1225(b)(2) are subject to mandatory detention until a certain point or until certain proceedings have concluded, and there is no statutory right to a bond hearing. Jennings v. Rodriguez, 583 U.S. 281, 287, 296-97 (2018). By regulation, release is available only where "the aliens present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b).

Circuit has decisively resolved the debate over the statutory basis for noncitizens in petitioner's position. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). The undersigned therefore finds that petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(1), as alleged by respondents.

Because petitioner has an established, protected liberty interest in the freedom from confinement that he gained after he was released on parole in July 2023, and respondents do not claim that he failed to abide by the terms of his release or has any criminal history, both the INA and petitioner's procedural due process rights were violated by his re-detention pursuant to § 1226(a) without a hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence. Considering the facts of this case and respondent's failure to materially distinguish it from relevant precedent in this district, the undersigned adopts and incorporates the reasoning of Lida G.B., Z.Z., Wistong F., Brayan C.C., and other similar cases previously decided by this court, and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was therefore statutorily entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) prior to his detention.

Respondent does not assert any alternative basis for petitioner's detention and does not provide any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing. The undersigned therefore finds that the appropriate relief is petitioner's immediate release. See Dicxon Jose P.C., No. 1:26-CV-02658-TLN-CSK, at *4, 2026 WL 1045516 ((E.D. Cal. Apr. 17, 2026), Jerzain L.R., No. 1:26-CV-03296-TLN-SCR, 2026 WL 1295801, at *4 (E.D. Cal. May 11, 2026).

Finally, the court declines to address any of petitioner's remaining arguments in the petition as they seek the same or similar relief (*i.e.*, petitioner's immediate release), and his pending motion for appointment of counsel (ECF No. 2) will be denied as moot.

////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED as MOOT.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner LUIS ANGEL ARAVICHES FERRER, A-244-098-848, from custody, with the same conditions to which he was subject immediately prior to his detention in April 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) respondents show material changed circumstances demonstrate a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, petitioner shall be allowed to have counsel present.
    d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.
2. The court DISMISS WITHOUT PREJUDICE any remaining claims in the habeas petition in the interest of judicial economy since the requested relief has been granted.
3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-

detention.

4. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE